UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re PETER SZANTO,<br><br>        Debtor.<br><br>PETER SZANTO,<br><br>        Plaintiff,<br><br>    vs.<br><br>U.S. TRUSTEE,<br><br>        Defendant. | Case No. 3:14-cv-00259-RCJ<br>Bankr. No. 13-bk-51261-BTB<br><br>**ORDER** |

    Plaintiff–Debtor Peter Szanto asked the Court to stay his Chapter 11 bankruptcy case pending the present civil complaint against the U.S. Trustee for malfeasance during the underlying bankruptcy proceedings. Plaintiff separately asked the Court to withdraw the reference in its entirety based upon the alleged bias of the bankruptcy judge. The Court reviewed the docket in the underlying bankruptcy case and noticed that the bankruptcy case was dismissed on June 17, 2014 and that a notice of appeal was filed on June 19, 2014. The Court therefore denied the motion to stay as moot because it had no jurisdiction to stay the bankruptcy case via the present civil action, and the motion to withdraw the reference was moot in any case. *See, e.g.*, *In re Lear Corp.*, 418 B.R. 47, 48 (S.D.N.Y. 2009) (dismissing a motion to withdraw

the reference as moot where the bankruptcy court had dismissed the relevant adversary proceeding while the motion was pending).

The Court noted that Plaintiff had alleged vague "civil rights" violations but had identified no bases for his grievance apart from the U.S. Trustee's alleged malfeasance under the bankruptcy code.  The Court noted that those complaints must be brought to the attention of the bankruptcy judge in the bankruptcy case or on appeal, that the U.S. Trustee is not a state actor amenable to a claim under 42 U.S.C. § 1983, and that even assuming Plaintiff intended a *Bivens* action, the Trustee would be immune to any such claims arising out of his official acts. *See Balser v. Dep't of Justice, Office of. U.S. Tr.*, 327 F.3d 903, 909–11 (9th Cir. 2003).  Finally, the Court ordered Plaintiff to show cause why the present action should not be dismissed for failure to state a claim.

Plaintiff has responded, first arguing that the bankruptcy court's dismissal of the bankruptcy case was void because of the bankruptcy judge's improper refusal to recuse.  But that issue is on appeal before this Court in the direct appeal of the bankruptcy case and is irrelevant to the present civil claims against the U.S. Trustee.

Second, Plaintiff argues that the U.S. Trustee is not immune from suit, citing the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1).  But the partial waiver of sovereign immunity represented by the FTCA does not affect the independent doctrine of quasi-judicial immunity that protects the U.S. Trustee from civil claims based on his official actions. *See Balser*, 327 F.3d at 909–11; *see also Sharma v. Stevas*, 790 F.2d 1486, 1486 (9th Cir. 1986). Plaintiff's argument that because the alleged bad acts occurred in Nevada, the State of Nevada's general waiver of sovereign immunity applies to the U.S. Trustee's actions is wrong for at least two independent reasons.  For one, the State of Nevada does not have the power to waive a

federal official's federal sovereign immunity. *See* U.S. Const. art. VI, cl. 2.  Even if it did, the State of Nevada's waiver of sovereign immunity applies only in its own courts; the State has explicitly retained the benefit of the Eleventh Amendment's jurisdictional bar to suit against the State in the federal courts. *See* Nev. Rev. Stat. § 41.031(3).  Plaintiff has failed to show cause why the case should not be dismissed.  For the same reasons, the Court grants the U.S. Trustee's separate Motion to Dismiss (ECF No. 14).

## CONCLUSION

IT IS HEREBY ORDERED that the case is DISMISSED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 14) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated:  This 16th day of September, 2014.

_____
ROBERT C. JONES
United States District Judge